## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re | ) | Chapter 11 |
| | ) | |
| PHYSIOTHERAPY HOLDINGS, INC., *et al.*, | ) | Case No. 13-12965(KG) |
| | ) | |
| Debtors. | ) | |
| PAH LITIGATION TRUST, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Adv. Proc. No. 15-51238(KG) |
| | ) | |
| WATER STREET HEALTHCARE PARTNERS, L.P., *et al.*, | ) | |
| | ) | |
| Defendants. | ) | **Re: D.I. Nos. 499 and 500** |

### MEMORANDUM OPINION

In this adversary proceeding, plaintiff PAH Litigation Trust (the "Litigation Trust") has moved (the "Motion") for leave to file an amended complaint (the "Proposed Complaint"). In the Proposed Complaint the Litigation Trust seeks (1) to add a request for punitive damages under the Pennsylvania Uniform Fraudulent Transfer Act ("PUFTA") and (2) to add two new defendants (the "Proposed Defendants"). The Proposed Defendants are Water Street Healthcare Partners, LLC, which is the ultimate general partner of the Water Street defendants ("Water Street"); and Wind Point Advisors, LLC, the ultimate general partner of the Wind Point defendants (Wind Point) (collectively, the "Defendants").

## FACTS

Very briefly, the Litigation Trust alleges that Defendants received fraudulent transfers after selling Physiotherapy Holdings, Inc. and its affiliates (the "Debtors") in a leveraged buyout (the "LBO") based on alleged falsified financial statements. The Litigation Trust asserts causes of action for intentional fraudulent transfer and constructive fraudulent transfer. The Litigation Trust claims that the evidence obtained in discovery reveals that Defendants engaged in conduct which calls for it to seek punitive damages. Also, the Litigation Trust alleges that the Proposed Defendants as general partners are responsible for the existing Defendants' liabilities.

## STANDARD OF REVIEW

Motions for leave to amend the complaint are granted liberally. The Court may, however, deny leave to amend if the proposed amendment is futile or untimely. A proposed amendment is futile if the new allegations fail to state a claim or are subject to dismissal. *Travelers Indem. Co. v. Dammann & Co., Inc.*, 594 F. 3d 238, 243 (3d. Cir. 2010). Further, because the Litigation Trust filed the Motion after the deadline of September 30, 2016 in the Court's Amended Scheduling Order, entered January 31, 2017 (D.I. 386), the Litigation Trust was required to apply the "good cause" standard contained in Federal Rule of Civil Procedure 16(b)(4), made applicable by Federal Rule of Bankruptcy Procedure 7016(b)(4).

DISCUSSION

A.  Adding Parties

The Litigation Trust offers several reasons for adding the Proposed Defendants. First, granting leave will not unduly delay the progress of the case and Defendants do not have an improper motive. Second, adding the Proposed Defendants will not be futile. As general partners of Defendants, the Proposed Defendants are automatically liable pursuant to 6 Del. C. § 15-306, 6 Del. C. § 17-403, and *see Sandvik AB v. Advent Int'l Corp.*, 83 F. Supp. 2d 442, 448 (D. Del 1999), *aff'd*, 220 F. 3d 99 (3d Cir. 2000).[1]

Third, adding the Proposed Defendants would add no new claims and eliminates the need for the Litigation Trust to file a new, separate lawsuit. Adding the Proposed Defendants will not require substantial additional time for trial. The close relationship between Defendants and Proposed Defendants means the latter's addition will not complicate the case.

The Litigation Trust argues that it satisfied the good cause requirement because of the Proposed Defendants' deeper pockets. The Litigation Trust is concerned that Defendants have made distributions to their limited partners and therefore may not be able to satisfy any judgment entered against them. Defendants argue that the Proposed Defendants did not receive substantial distributions from the LBO and that neither of the Proposed Defendants has any significant assets.

---

[1] Delaware law is applicable because Defendants and Proposed Defendants were formed under Delaware law.

Defendants also argue that the Motion violates the Amended Scheduling Order which requires that amendments were to be filed by September 30, 2016, well before the Litigation Trust filed these amendments.  Further, Defendants argue that the request for leave to amend violates a tolling agreement between the Litigation Trust and Water Street Health Partners, LLC, and implicates the statutes of limitations of both Pennsylvania and Delaware, which expired on April 30, 2016.

The Litigation Trust, in turn, counters that (1) the statute of limitations has not expired because the Litigation Trust is seeking to add the Proposed Defendants pursuant to partnership law and not fraudulent transfer law, (2) the tolling agreement can be terminated and (3) good cause exists because the Litigation Trust only recently discovered that Defendants have been disposing of their assets and may be unable to satisfy judgments against them.

The Court is not deciding the statutes of limitations argument or whether the tolling agreement applies.  The Court does not accept the Litigation Trust's other arguments, and therefore finds that the Litigation Trust has not satisfied the "good cause" requirement.  There are no new facts concerning Defendants' financial position and the Amended Scheduling Order requires that amendments were to be sought by September 30, 2016, eight months before the Litigation Trust sought its amendment.  The fact that Defendants may not have sufficient assets to satisfy any judgments is not good cause to

add the Proposed Defendants. Accordingly, the Motion is denied with respect to adding the Proposed Defendants.[2]

## B. Punitive Damages

The Litigation Trust also seeks leave to add a prayer for punitive damages under the Pennsylvania Uniform Fraudulent Transfer Act ("PUFTA"). The Litigation Trust argues that good cause exists, that the request for the amendment is not the product of undue delay or bad faith, will not prejudice Defendants and that the amendment will not be futile. The claims for punitive damages involve allegations that "Defendants did not simply turn a blind eye to Physiotherapy's accounting misstatements, but actually knew about and actively tried to conceal the fraud." Litigation Trust's Opening Brief, page 7.

The first issue for the Court to determine is whether Defendants waived the argument they now make that Delaware law, not Pennsylvania law, governs the Litigation Trust's constructive fraud claim which it asserts under PUFTA. Defendants argue that Delaware law and the Delaware Uniform Fraudulent Transfer Act ("DUFTA") govern.

Defendants argue that a punitive damages claim under either PUFTA or DUFTA is futile. The Litigation Trust therefore argues that because futility is akin to a motion to dismiss, Defendants were obligated to raise the choice of law question in their motion to dismiss which the Court denied on the state law constructive fraud claim. *See, e.g., In re Am. Bus. Fin. Servs., Inc.*, 384 B.R. 80, 86 (Bankr. D. Del. 2008) (rejecting arguments made

---

[2] The Litigation Trust concedes that it can wait until it obtains judgment against Defendants to pursue claims against the Proposed Defendants.

in a motion to dismiss an amended complaint that could and should have been raised in the initial motion to dismiss.) There is a simple answer to the problem: until the Litigation Trust asserted its punitive damages claim, there was no reason for Defendants to raise the choice of law issue. PUFTA and DUFTA are or nearly are identical but may not be the same on punitive damages claims. The choice of law issue is not an affirmative defense which a party can waive. Federal Rule of Civil Procedure 12(b). Many Courts have held that a motion to dismiss is not the appropriate time to raise the choice of law question because the decision may require a full factual record. *See, e.g., Harper v. LG Electronics USA, Inc.*, 595 F. Supp. 2d 486 (D.N.J. 2009) (court unable to make fact-intensive choice of law determination at motion to dismiss stage.) Again, however, there was no reason for Defendants to raise the choice of law issue until it would make a difference in the outcome. *Rice v. Dow Chem. Co.*, 875 P. 2d 1213, 1216 (1994) (there must be an actual conflict between the laws of different jurisdictions to engage in a choice of law determination). *See also In re Mercedes-Benz Tele Aid Contract Litigation*, 257 F.R.D. 46, 57-58 (D.N.J. 2009) (court must make a choice of law determination only if the determination will make a difference in the outcome). Until the Litigation Trust raised the issue of punitive damages it may not have mattered to Defendants if PUFTA or DUFTA applied. It is the Litigation Trust's effort to add punitive damages to the case that caused Defendants to raise the choice of law issue. Therefore, Defendants are not estopped from raising the futility of the amendment.

The next question for the Court to address is whether PUFTA or DUFTA applies. The answer depends on whether Pennsylvania or Delaware has the most significant

6

relationship to the claim and the parties. *See Emerald Capital Advisors Corp. v. Bayerische Motoren Aktiengesellschaft* (*In re FAH Liquidating Corp.*), 2017 WL 2559892, at *9 (Bankr. D. Del. June 13, 2017); and *In re Mervyn's Holdings, LLC*, 426 B.R. 488, 496 n. 6 (Bankr. D. Del. 2010).

The Court finds that Delaware has the most significant relationship to the claim and the parties. The relationship to Pennsylvania consists of the following:

- Debtors' headquarters and principal place of business are in Pennsylvania;
- The entity that issued the Notes is in Pennsylvania;
- Debtors had more clinics in Pennsylvania;
- Employees associated with alleged fraud were in Pennsylvania;
- Senior executives of Debtors were in Pennsylvania;
- Negotiations and due diligence regarding the transaction took place in Pennsylvania; and
- Litigation Trust filed its claim under Pennsylvania law.

Moridani Decl. ¶ 10, Ex. 3; Supplemental Moridani Decl. ¶¶ 2-3, 4-5, Exs. 1-3, 5.

In contrast, Delaware has the following contacts with the transaction and the parties:

- The Merger Agreement at issue is governed by Delaware law;
- The assets sold are shares of a Delaware corporation whose situs is Delaware, 8 Del. C. § 169;
- All parties to the Merger Agreement were Delaware entities;
- Of the 61 Debtors, 25 were Delaware corporations and 6 were Pennsylvania corporations.

- Debtors' bankruptcy was filed in Delaware; and
- The Litigation Trust was formed in Delaware.

See Reinthaler Decl., Exs. 1 and 2, Falgowski Decl., Ex. 2; McGahan Decl. in support of First Day Pleadings (D.I. 16, Ex. A). It is true that Pennsylvania was Debtors' principal place of business and that is an important consideration. It is also true that the Litigation Trust selected Pennsylvania law and that negotiations relating to the Merger Agreement may have taken place in Pennsylvania. Nonetheless, the Merger Agreement and the primary entities were formed in Delaware, as was the Litigation Trust. The Court therefore finds that Delaware has the most significant relationship to the transaction and the parties. Accordingly, it is DUFTA and not PUFTA that applies.

The Court next turns to whether DUFTA is amenable to the imposition of punitive damages. The Court concludes that DUFTA would not permit punitive damages. First, DUFTA does not expressly provide for punitive damages. Neither the Court nor the parties know of any cases in Delaware (or in Pennsylvania) that address the question of whether DUFTA permits punitive damages to be awarded on a constructive fraud claim. The Court is aware, however, that it sits as a court of equity, and in Delaware equity does not award punitive damages. Thus, in *Beals v. Washington Int'l, Inc.*, 386 A. 2d 1156, 1157-60 (Del. Ch. 1978), the Delaware Court of Chancery which like the Court is a court of equity, held unequivocally that it did not have the power to award punitive damages. The *Beals* ruling remains good law. *See Touch of Italy Salumeria & Pasticceria v. Bascio*, 2014 WL 108895, at *8 (Del. Ch. Jan 13, 2014). The Litigation Trust largely premises its claim for the availability of punitive damages on *Klein v. Weidner*, 729 F. 3d 280 (3d. Cir. 2013).

There, the Third Circuit predicted that Pennsylvania courts would allow punitive damages under PUFTA. The Third Circuit stated: "Although the Pennsylvania Supreme Court does not appear to have addressed the issue, we believe that it would hold that punitive damages are generally available in equitable actions." *Id.*, at 291. The Third Circuit specified, however, that it meant "equitable actions under Pennsylvania law" (*id.*), not Delaware law. It is clear that under Delaware law punitive damages are not available under principles of equity which Delaware courts apply. *Beals* and *Touch of Italy* make that very apparent. What the Third Circuit made clear in *Klein* is that PUFTA and therefore DUFTA actions are equitable in nature.[3] 729 F. 3d at 291. Therefore, the Court believes that the Third Circuit would likely not predict that punitive damages are available in Delaware.

Accordingly, punitive damages are not available under DUFTA. Punitive damages are not remedial and therefore are not applicable under DUFTA. The result of the Court's ruling is that amending the Complaint to add punitive damages as a remedy would be futile and therefore the Court will deny the amendment.

---

[3] The Court does not know what to make of the Delaware Superior Court's decision in *Del. Health Corp. v. Grim*, 2014 WL 6666570 (Del. Super. Ct. Nov. 19, 2014), and *Computer Sciences Corp. v. SCI-TEK, Inc.*, 367 A. 2d 658 (Del. Super. 1976), which the Litigation Trust raised in a footnote. What is likely is that the Superior Court, a court at law, found that it had jurisdiction over other claims, and therefore the fraudulent conveyance claims were carried along.

## CONCLUSION

The Court has held that it will deny the Motion seeking to add the Proposed Defendants and to add the claim for punitive damages to the Complaint. The Court will issue an Order consistent with this Memorandum Opinion.

Dated: November 6, 2017

_____
KEVIN GROSS, U.S.B.J.