**quinn emanuel** trial lawyers | los angeles

865 South Figueroa Street, 10th Floor, Los Angeles, California 90017-2543 | TEL (213) 443-3000 FAX (213) 443-3100

December 8, 2017

**Discovery Conference – December 14, 2017 at 11:30 a.m.**
*PAH Litigation Trust v. Water Street Healthcare Partners, L.P., et al.*, No. 15-51238-KG

Dear Judge Gross:

Plaintiff PAH Litigation Trust (the "Trust") respectfully requests the Court's assistance in connection with the Water Street and Wind Point Defendants' refusal to provide privilege logs identifying certain documents they are withholding on grounds of privilege.

**The Requirement To Log Documents Withheld As Privileged.** Under Federal Rule of Civil Procedure 26(b)(5)(A)(ii), a party who "withhold[s] information otherwise discoverable by claiming that the information is privileged or subject to protection as trial-preparation material" must "describe the nature of the documents, communications, or tangible things not produced or disclosed—and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim." In virtually every case, parties submit "privilege logs" identifying relevant information about each document they have withheld as privileged in order to comply with this rule. *E.g., Novanta Corp. v. Iradion Laser, Inc.*, 2016 WL 4987110, at *3 (D. Del. Sept. 16, 2016); *R.D. v. Shohola Camp Ground & Resort*, 2017 WL 1550034, at *2 (M.D. Pa. May 1, 2017).

Parties can, however, modify this requirement by stipulation, *Norton v. Town of Islip*, 2017 WL 943927, at *5 (E.D.N.Y. Mar. 9, 2017), and they did so in this case. Because this case involves millions of documents, the Trust proposed early on that the parties stipulate to permit categorical, as opposed to document-by-document, privilege logs for *specific, limited categories* of documents as to which their assertions of privilege likely would not be disputed: "withheld communications (1) solely between a client and its in-house or outside lawyers or (2) solely among a client's in-house or outside lawyers[.]" Ex. 1. The Trust made this proposal to avoid the "substantial and unnecessary expense" associated with logging thousands of documents which are indisputably privileged. The Trust made clear that the parties would "reserve their rights to request further disclosures as to particular categories of withheld documents where they reasonably believe the withheld communications are not privileged." *Id.*

Following negotiations, the parties executed a stipulation designed to "limit the scope of," but not eliminate, privilege log requirements. Ex. 2. In its final form, this stipulation (the "Stipulation") provides as follows:

> For documents or communications which a party or non-party has withheld from production as protected under the attorney-client privilege, work product doctrine, or other applicable privilege or protection that are: (a) solely between or among a client and its in-house or outside lawyers and their staff, employees, or agents; (b) solely prepared by or communicated among a client's in-house or outside lawyers and their staff, employees, or agents; or (c) withheld on the basis of a common legal interest or joint defense privilege, the party or non-party asserting the relevant privilege or protection need only provide a categorical description stating (i) who the client(s) is/are for the withheld documents, (ii) who the participants to the withheld documents and

communications were, (iii) the time period of the withheld documents and communications; and (iv) the nature of the privilege(s) claimed as to the withheld documents and communications. A document-by-document privilege log presumptively shall not be required for documents and communications falling under categories (a) through (c) above.

Ex. 2 ¶ 1. In addition, the Stipulation makes clear that traditional document-by-document privilege logs are required as to all documents which do not fall under categories (a) through (c): "***For all other responsive documents or communications which are withheld from production, a document-by-document privilege log shall be required.***" *Id.* ¶ 2.[1]

The Stipulation also concludes with the following reservation of rights: "***The parties reserve the right to demand an itemized privilege log*** for . . . groups of documents or communications as to which the assertion of privilege is disputed in good faith, but as to which only a categorical description is provided under Paragraph 1 herein. ***Nothing in this stipulation shall immunize any party or non-party from having to log such withheld documents or communications individually upon the reasonable demand of any party.***" *Id.* ¶ 4.

**Defendants' Refusal To Serve Proper Privilege Logs.** On October 4, 2017, Defendants served categorical privilege logs that appeared to include documents that do not fall under categories (a) through (c) in the Stipulation, including documents (1) involving ***only*** non-lawyers, and no lawyers, and (2) which were ***disclosed to key third parties*** involved in the fraudulent transaction, Jefferies & Co. ("Jefferies") and Ernst & Young LLP ("EY"). Exs. 3, 4.[2] Defendants also produced documents that redact information on purported privilege grounds, without identifying the basis for those redactions. The Stipulation does not permit categorical logging of these types of documents. Accordingly, the Trust asked Defendants to confirm whether they were withholding such documents; advised them that categorical logging of such documents is not permitted by the Stipulation; and also advised them that, in any event, the Trust was invoking its stipulated right to demand individual logs for these documents. Ex. 5.

Defendants did not deny, in response (Ex. 6), that they are in fact withholding as supposedly privileged some unknown number of communications, with unknown participants relating to undisclosed subjects, that (1) do not involve any lawyers and/or (2) were disclosed to third parties. Defendants also did not deny that they have redacted documents on grounds of privilege without providing a log. Nor did Defendants contend that these documents fall within categories (a) through (c) of the parties' Stipulation.

But nevertheless, Defendants refused to provide any additional privilege logs, contending for the first time that the Stipulation supposedly "was a complete agreement on the issue of producing logs" and that "all documents and communications withheld for privilege are covered by the parties' privilege log stipulation." *Id.* Defendants made no effort to reconcile their new position with the actual text of the Stipulation, which repeatedly says the exact opposite. *E.g.*, Ex. 2 ¶¶ 2, 4 (providing that "a document-by-document privilege log shall be required" for "all other responsive documents or communications" and that the parties are entitled "to demand an itemized privilege log" where a claim of privilege is disputed).

---

[1] All emphases are added unless noted.

[2] The Trust also served a categorical privilege log pursuant to the Stipulation. The Trust's log fully complies with the Stipulation and, unlike Defendants' logs, does not include documents that do not fall within the permitted categories. Defendants have not raised any concerns or requested a meet and confer about the adequacy of the Trust's log.

The Trust now seeks the Court's assistance in requiring, as a necessary first step in assessing Defendants' seemingly invalid assertions of privilege, the immediate preparation of itemized logs for the three categories of withheld documents described below.

**(1)** **Documents Involving Only Non-Lawyers.** Clearly, nothing in the Stipulation permits categorical logs of documents that do not even involve lawyers. The Stipulation is limited to three discrete categories of documents and communications: (a) those between a client and its counsel and counsel's agents; (b) those among a client's counsel and counsel's agents; and (c) those withheld due to common interest or joint defense privilege. Ex. 2 ¶ 1. Such categorical logging of a party's communications *with its own attorney or counsel for a co-defendant* is consistent with the purpose of the Stipulation: Documents involving counsel and no third parties are highly likely to be privileged, and it is not worth the time and expense needed to individually log such documents.

Until this week, Defendants never suggested that communications ***not*** involving lawyers could also be categorically logged. The Trust never would have agreed to categorical logging of such documents because such documents usually are ***not*** privileged. *See Green v. Beer*, 2010 WL 2653650, at *2 (S.D.N.Y. July 2, 2010) ("Generally, communications with non-lawyers . . . are not privileged."). Because these documents are not encompassed by the Stipulation, an itemized log identifying them is required.

Moreover, even if these types of documents were encompassed by the Stipulation, the Trust has properly demanded an itemized log pursuant to paragraph 4 of the Stipulation, under which "[t]he parties reserve[d] the right to demand an itemized log for . . . groups of documents or communications as to which the assertion of privilege is disputed in good faith." Ex. 2, ¶ 4. The Stipulation requires Defendants to provide such a log "upon the reasonable demand of any party." *Id.* The Trust plainly has a "reasonable" and "good faith" concern regarding Defendants' assertion of privilege over documents involving only non-lawyers. It is thus entitled to an itemized log under paragraph 4 as well.[3]

**(2)** **Documents Disclosed To Or Involving Third Parties.** Defendants have also withheld, and logged on a categorical basis, documents and communications involving critical third parties in this case: Jefferies and EY. These third parties played key roles in the underlying transaction—Jefferies acted as Physiotherapy's and Defendants' sales agent, charged with selling Physiotherapy at the highest possible price, and EY provided a "Quality of Earnings" report designed to assure buyers that Physiotherapy's finances were sound. Employees of both Jefferies and EY will be key witnesses at trial.

Nevertheless, Defendants are withholding an unknown number of communications with these third parties on grounds of privilege, without identifying those communications. Like non-lawyer communications, communications with these third parties, who were not the agents of counsel, are not covered by the Stipulation. Ex. 2 ¶ 1. And the Trust never would have agreed that Defendants could categorically log these documents because, normally, "[d]isclosing a communication to a third party unquestionably waives the privilege." *In re Teleglobe Commc'ns Corp.*, 493 F.3d 345, 361 (3d Cir. 2007).

---

[3] Courts enforce discovery stipulations like any other contract. *See, e.g.*, *United States v. Johnson*, 236 F. Supp. 2d 943, 949–52 (N.D. Iowa 2002). Where, as here, the terms of a stipulation are clear and unambiguous, courts interpret it "based on the plain meaning of the language contained on the face of the document." *See JFE Steel Corp. v. ICI Ams., Inc.*, 797 F. Supp. 2d 452, 469 (D. Del. 2011). Courts avoid interpretations that render contractual language meaningless. *See Sloan & Co. v. Liberty Mut. Ins. Co.*, 653 F.3d 175, 181 (3d Cir. 2011).

3

In their pre-filing correspondence, the only excuse which Defendants offer for not logging these documents is that their communications with Jefferies and EY supposedly "related to legal advice." Ex. 6. Even if that were true, an itemized log is necessary under the terms of the Stipulation, which do not authorize categorical logging of communications with third parties that relate to legal advice.

Moreover, the mere fact that communications with a third party *relates* to legal advice is not a proper basis to assert privilege. The Third Circuit "has been loath to construe the privilege broadly and has viewed what assists an attorney in rendering legal advice narrowly." *Salvagno v. Borough of Glen Ridge*, 2009 WL 2392887, at *2 (D.N.J. Aug. 3, 2009). Communications with a third party are not privileged unless the "disclosure to the third party was necessary for the client to obtain informed legal advice." *Swift Spindrift, Ltd. v. Alvada Ins., Inc.*, 2013 WL 3815970, at *7 (S.D.N.Y. July 24, 2013). Communications where a third party provides business advice rather than specifically facilitating the rendition of legal advice are not privileged. *Cavallaro v. United* States, 284 F.3d 236, 249 (1st Cir. 2002) (no privilege where EY "acted to provide accounting advice rather than to assist Hale and Dorr in providing legal advice"); *Urban Box Office Network, Inc. v. Interfase Managers, L.P.*, 2006 WL 1004472, at *4 (S.D.N.Y. Apr. 18, 2006) ("[S]imply because financial consultants are employed to assist a company in a [] transaction does not mean that their communications with the company's attorneys are privileged."). For privilege to attach, the third party must "serve some specialized purpose in facilitating the attorney-client communications." *Cavallaro,* 284 F.3d at 249. In essence, "the third party's communication must serve to translate information between the client and the attorney." *Dahl v. Bain Capital Partners, LLC*, 714 F. Supp. 2d 225, 228 (D. Mass. 2010); *Merck Eprova AG v. Gnosis S.p.A.*, 2010 WL 3835149, at *2 (S.D.N.Y. Sept. 24, 2010) (same). Defendants' contention that it may assert privilege over communications with key third parties merely because they *related* to legal advice is thus erroneous.

In any case, these documents plainly are not encompassed by the Stipulation—and even if they were, the Trust has reasonably invoked its right to demand an itemized log under paragraph 4 of the Stipulation. Defendants should thus be compelled to provide a log of all withheld documents and communications with or disclosed to Jefferies, EY, or other third parties.

**(3)** **Redacted Documents.** Defendants should also be compelled to submit an itemized log for documents and communications that they have *redacted* (rather than withheld) for privilege. The parties never discussed, let alone agreed to, categorical logs for redacted documents, and the Stipulation plainly covers only "withheld documents[.]" Ex. 2 ¶¶ 1, 2, 3, 4. Defendants never proposed language permitting categorical logs for redactions. The Stipulation cannot be renegotiated now.

* * *

"The production of an inadequate privilege log or none at all, is 'contrary to the rule, subjects the party to sanctions under Rule 37(b)(2), and may be viewed as a waiver to the privilege.'" *Schaeffer v. Tracey*, 2017 WL 465913, at *3 (D.N.J. Feb. 2, 2017). Although the Trust would be well within its rights to seek a finding of waiver or other sanctions based on Defendants' improper refusal to log documents they are withholding as privileged—despite the clear terms of both the Federal Rules and the parties' Stipulation requiring that they do so—for now, the Trust seeks only an itemized log as discussed above.

Respectfully submitted,

/s/

R. Brian Timmons