IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>PHYSIOTHERAPY HOLDINGS, INC., *et al.*,<br><br>                                                      Debtors. | Chapter 11 Case<br>Case No. 13-12965 (KG)<br>(Jointly Administered) |
| PAH LITIGATION TRUST,<br><br>                                                      Plaintiff,<br><br>WATER STREET HEALTHCARE PARTNERS, L.P., WS ASSOCIATE CO-INVEST PARTNERS, LLC, WATER STREET HEALTHCARE MANAGEMENT, L.P., WIND POINT PARTNERS IV, L.P., WIND POINT IV EXECUTIVE ADVISOR PARTNERS, L.P., WIND POINT ASSOCIATES IV, LLC, WIND POINT INVESTORS IV, L.P., *et al.*,<br><br>                                                      Defendants. | Adversary Proceeding<br>No. 15-51238-KG<br><br>**Ref. Docket No. 671** |

**RESPONSE TO DEFENDANTS' CERTIFICATION OF COUNSEL REGARDING PROPOSED SECOND AMENDED SCHEDULING ORDER**

The PAH Litigation Trust (the "Trust") will address the bulk of the arguments (including several mischaracterizations) in Defendants' Certification of Counsel [Docket No. 671] ("COC") at the December 14, 2017 telephone conference with the Court.

It is with hesitancy that the Trust files this response to correct Defendants' suggestion that the Trust has been unreasonable in negotiating a date for the deposition of Edwin Bode, the Debtor's former CFO and a critical witness in the case.

The Trust's efforts to schedule Mr. Bode's deposition began over three months ago.

- The Trust first requested dates from Mr. Bode's counsel (Alan Salpeter) on September 20, 2017. Under the terms of the Trust's settlement agreement with Mr. Bode, Mr. Bode is required to voluntarily appear for deposition at the Trust's request.

- On October 5, 2017, Mr. Salpeter indicated he would be on vacation from December 22 through January 12, 2018 and he "***strongly suggest[ed] that we try to schedule these depositions during the last 2 ½ weeks of January***".  (**Exhibit A**).  Defendants and Mr. Salpeter omit this email from their papers.

- Over the course of the next two months, the Trust attempted unsuccessfully to confirm dates for Mr. Bode's deposition during the period Mr. Salpeter had proposed.

- On November 5, 2017, Mr. Salpeter asked to schedule Mr. Bode's deposition for "sometime after February 6." (**Exhibit B**).  Mr. Salpeter subsequently explained in a telephone call that he was acting at the behest of defense counsel who had indicated they were not available until after February 6.

- During the same call, the Trust informed Mr. Salpeter that the cutoff for fact depositions (based on Defendants' own last proposed scheduling order to the Court) was January 31, 2018, and asked Mr. Salpeter to confirm Mr. Bode's availability for deposition on January 30-31, 2018.

- On November 20, 2017, Mr. Salpeter informed the Trust that, when he had originally proposed that Mr. Bode be deposed in the second half of January, he had not confirmed that his client was available during that period and "it turns out [Mr. Bode] is not available for his deposition on January 30 and 31, 2018."  (**Exhibit C**).

- The Trust informed Mr. Salpeter that it would proceed with Mr. Bode's deposition on January 30-31.  The Trust took this position only after relying on Mr. Salpeter's representation that Mr. Bode's deposition should be scheduled for the last half of January and waiting over two months for Mr. Salpeter to provide dates within the window he himself proposed.

- On December 3, 2017, counsel for Mr. Salpeter stated that "Mr. Bode will agree to his deposition on January 30 and 31 if you do it [sic] Portland."  (**Exhibit D**).  The Trust promptly notified defense counsel about Mr. Bode's availability in January.  (**Exhibit E**).

- Less than two hours after the Trust notified defense counsel, Mr. Salpeter then retracted his proposal for a January 30-31 deposition in Portland, and indicated he would move to quash any subpoena for a deposition on January 30-31, despite agreeing to those very same dates only a day earlier.  (**Exhibits F & G**).  Counsel for the Trust assumes that defense counsel contacted Mr. Salpeter in the interim and caused him to withdraw his offer to make Mr. Bode available for deposition on January 30-31.

2

Given the foregoing facts, the Trust objects to Defendants' suggestion that it has been unreasonable in any dealings with any third party witness, on the issue of deposition scheduling or otherwise.

Dated: December 13, 2017

        QUINN EMANUEL URQUHART & SULLIVAN, LLP
Richard I. Werder, Jr.
Susheel Kirpalani
Benjamin Finestone
51 Madison Avenue, 22nd Floor
New York, New York 10010

QUINN EMANUEL URQUHART & SULLIVAN, LLP
R. Brian Timmons
Johanna Y. Ong
B. Dylan Proctor
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017

-and-

PACHULSKI STANG ZIEHL & JONES LLP

*/s/ Peter J. Keane*
Laura Davis Jones (Bar No. 2436)
Michael R. Seidl (Bar No. 3889)
Peter J. Keane (Bar No. 5503)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, Delaware 19899-8705 (Courier 19801)
Telephone: (302) 652-4100
Facsimile: (302) 652-4400
Email: ljones@pszjlaw.com
       mseidl@pszjlaw.com
       pkeane@pszjlaw.com

*Counsel for the PAH Litigation Trust*

3