IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>PHYSIOTHERAPY HOLDINGS, INC., *et al.*,<br><br>Debtors. | Chapter 11 Case<br>Case No. 13-12965 (KG)<br>(Jointly Administered) |
| PAH LITIGATION TRUST,<br><br>Plaintiff,<br><br>v.<br><br>WATER STREET HEALTHCARE PARTNERS, L.P., *et al.*,<br><br>Defendants. | Adversary Proceeding<br>No. 15-51238-KG<br><br>Re: Adv. D.I. 386 |

## SECOND AMENDED SCHEDULING ORDER

Upon consideration of the parties' request to further modify the Amended Scheduling Order (Adv. D.I. 386) in the above-captioned Adversary Proceeding; and the parties having previously exchanged initial disclosures; and after due deliberation and sufficient cause appearing therefor,

IT IS HEREBY ORDERED THAT, in order to promote the efficient and expeditious disposition of the above-captioned Adversary Proceeding from this date forward, the Court sets the following schedule to govern the pretrial proceedings therein:

1. <u>Joinder of Other Parties and Amendment of Pleadings</u>. All motions to join other parties (other than subsequent transferees and parties to claims for indemnification and/or contribution), or to amend or supplement the pleadings, shall be filed on or before September 30,

2016.

    2.    <u>Discovery</u>.

        a.    <u>Discovery Cut-Off</u>. All discovery in this case shall be conducted so that it will be substantially completed on or before May 22, 2018, with discovery to proceed as follows (as applicable, serving as modifications on discovery under Federal Rule of Civil Procedure 30, as made applicable by Federal Rule of Bankruptcy Procedure 7030):

           i.    Document productions by the Parties and non-parties has been substantially completed.

           ii.    Depositions of Parties and non-Parties shall be substantially completed on or before February 16, 2018.

           iii.    The conduct of depositions shall be governed by the Order Approving Deposition Discovery Protocol (Adv. D.I. 506).

           iv.    The Parties shall file their initial Bankruptcy Rule 7026(a)(2) disclosures of expert testimony on or before March 13, 2018.

           v.    The Parties shall file responsive expert reports on or before April 24, 2018 to contradict or rebut evidence or opinions on the same subject matter identified by another party in the initial expert disclosures.

           vi.    Any depositions of expert witnesses shall be completed by May 22, 2018.

           vii    To the extent any objection to expert testimony is made pursuant to the principles announced in *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579 (1993), it shall be made by motion no later than the deadline for dispositive motions set forth herein, Unless otherwise ordered by the Court.

b. <u>Discovery Disputes</u>. Del. Bankr. L.R. 9013-1(b) notwithstanding, the parties shall not file discovery motions unless the Court requests briefing. Should the parties find that they are unable to resolve a discovery dispute, the party seeking relief shall contact chambers at **(302) 252-2913, extension 3** to schedule a telephone conference. Not less than forty-eight hours prior to the conference, the party seeking relief shall file with the Court and serve on the parties a statement, not to exceed three pages, outlining the issues in dispute and its position on those issues. Not less than twenty-four hours prior to the conference, any party opposing the application for relief may file with the Court and serve on the parties a statement, not to exceed three pages, outlining that party's reasons for its opposition. Should the Court find itself unable to resolve the disputes during the telephone conference, the Court will order motion and briefing practice. Disputes over protective orders are to be addressed in the first instance in accordance with this paragraph. The Court will accept and encourages telephone calls during depositions to resolve disputes arising in the course of the deposition without delay or the need for extensive briefing.

3. <u>Papers Filed Under Seal</u>. When filing papers under seal, counsel shall deliver to Chambers an original and one copy of the papers.

4. <u>Case Dispositive Motions</u>. All remaining case dispositive motions, an opening brief, and affidavits, if any, in support of the motion shall be served and filed no later than June 20, 2018. Any answering brief and affidavits in opposition to the motion shall be served and filed no later than 45 days after the motion is filed. Any reply brief and accompanying affidavits in support of the motion shall be filed no later than 30 days after the filing of answering briefs and affidavits.

5. <u>Applications by Motion</u>. Except as otherwise specified herein, any application to the Court shall be by written motion filed with the Clerk. Any non-dispositive motion should contain the statement required by District Court Local Rule 7.1.1.

6. <u>Motion to Withdraw the Reference; Jurisdiction</u>. Any motion to withdraw the reference shall be filed no later than 30 days after the Court has resolved all dispositive motions filed in this action. Pursuant to Federal Rule of Bankruptcy Procedure 7012(b) and *Wellness Int'l Network v. Sharif,* 135 S. Ct. 1932, 1948-49 (2015), the Parties' consent to this or any other scheduling order in this adversary proceeding shall not be construed as consent to entry of final orders or judgments by the Court.

7. <u>Modification</u>. Other than the dates of the Interim Status Report and the Status Conference contained herein, the deadlines and limitations provided in this Scheduling Order may be modified by written agreement of the Parties without further order of the Court. Any deadlines or limitations provided under this Order may also be modified by the Court for good cause shown.

Dated: December 14, 2017

_____
HONORABLE KEVIN GROSS
UNITED STATES BANKRUPTCY JUDGE