**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re | ) | Chapter 11 |
| | ) | |
| PHYSIOTHERAPY HOLDINGS, INC., *et al.*, | ) | Case No. 13-12965(KG) |
| | ) | |
| Debtors. | ) | |
| PAH LITIGATION TRUST, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Adv. Proc. No. 15-51238(KG) |
| | ) | |
| WATER STREET HEALTHCARE PARTNERS, L.P., *et al.*, | ) | |
| | ) | |
| Defendants. | ) | **Re: D.I. Nos. 250, 251 & 798** |

**MEMORANDUM ORDER GRANTING**
**MOTION FOR RECONSIDERATION**

PAH Litigation Trust (the "Plaintiff") has asked the Court to reconsider a portion of the Opinion (the "Opinion") and Order it issued on June 20, 2016. D.I.'s 250 & 251. Specifically, the Plaintiff asks the Court to reconsider its dismissal of Counts II, IV and V of the Complaint in which the Plaintiff asserted fraudulent transfer claims under 11 U.S.C. § 544(b) and 548(a)(1)(B). Plaintiff bases its request on what it argues is "an intervening change in the law." *N. River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F. 3d 1194, 1218 (3d Cir. 1995). Courts also apply the foregoing expression to motions to reconsider orders that are not yet final. *In re Lenox Healthcare, Inc.*, 366 B.R. 292, 293 (Bankr. D. Del. 2007).

Here, the intervening change in the law is the decision by the United States Supreme Court in *Merit Management Group, LP v. FTI Consulting, Inc.*, 138 S. Ct. 883 (2018), holding that section 546(e) does not provide a "safe harbor" in the circumstances presented in the present case. It was

the "safe harbor" defense which directed the Court to dismiss certain of the Plaintiff's claims.

Discussion

In the Opinion, the Court had held that the law in the Third Circuit was clear, and that a transfer which qualifies as a "settlement payment" or a common securities transaction during a leveraged buyout is a settlement payment under section 546(e) and therefore subject to the safe harbor provided. *See*, *Lowenschuss v. Resorts Int'l, Ins.*, 181 F. 3d 505, 516 (3d Cir. 1999) ("*Resorts*"), upon which the Court reluctantly but necessarily relied. The Court therefore dismissed Counts II, IV and V.

Then, on February 27, 2018, the Supreme Court issued its *Merit Management* opinion in which it carefully, painstakingly reviewed Section 546(e) of the Bankruptcy Code and its legislative history. The Supreme Court then ruled that the "safe harbor" did not protect transfers in which financial institutions served as mere conduits. *Id.* at 892.

Defendants do not argue that any of the entities named as defendants are financial institutions and do not oppose the motion for reconsideration. It is clear from *Merit Management* that the Supreme Court reversed the holding in *Resorts* upon which the Court relied in the Opinion. Accordingly, Counts II, IV and V in Plaintiff's Complaint are reinstated. As the Defendants requested in their response to the motion for reconsideration, the reinstatement should be understood not to bar Defendants from raising alternative grounds for dismissing Counts II, IV and V.

SO ORDERED.

Dated: May 21, 2018

_____
KEVIN GROSS, U.S.B.J.